**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 11-cv-1925 JJK**

| | |
|---|---|
| Janet Fischbach, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>Pinnacle Financial Group,<br><br>     Defendant. | **MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

## I.  PRELIMINARY STATEMENT

The above-named parties, Plaintiff Janet Fischbach (hereinafter referred to as "Plaintiff"), Defendant Pinnacle Financial Group (hereinafter referred to as "PFG"), by and through their attorneys of record, respectfully submit this memorandum of law in support of the Parties Joint Motion for Final Approval of Class Action Settlement. <u>A considerable portion of this Memorandum represents Plaintiff's position as to the issues involved in this lawsuit.  By signing this Memorandum, PFG is not admitting or otherwise agreeing with Plaintiff's allegations.</u> The proposed settlement of this class action litigation against Defendant is the result of substantial effort by the parties and their counsel in what has been a contested litigation.  The proposed settlement was reached only after well-informed, arm's length negotiations and appropriately reflects the relative strengths of the parties' respective claims and defenses, and the risks inherent in proceeding further with the litigation.  The proposed settlement is fair, reasonable and

adequate and the reaction of the approximately 150 class members further confirms the fairness of the settlement.  Accordingly, the parties and their counsel request the Court grant its final approval.

## II.     RELEVANT FACTUAL BACKGROUND AND LITIGATION HISTORY

### BACKGROUND

On July 14, 2011, Plaintiff filed this class action against PFG, a debt collection company.  *See* Docket No. 1.  Plaintiff asserted class claims against PFG under the FDCPA.  Specifically, Plaintiff alleged that PFG violated the FDCPA, 15 U.S.C. §§ 1692e and f, by charging a convenience pay-by-phone fee that was not authorized by contract or by law when collecting debts owed to PFG's client, Park Dental.  In addition to seeking class certification and class damages, Plaintiff sought $1,000 in statutory damages and reasonable attorney's fees and costs under 15 U.S.C. § 1692k.  Per the FDCPA, 15 U.S.C. § 1692k, a successful class is entitled to (1) such amount for each named plaintiff as could be recovered; (2) such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1% of the net worth of the debt collector; and (3) the costs of the action, together with reasonable attorney fees, as determined by the court.

## III.    SUMMARY OF THE SETTLEMENT

The Stipulation of Settlement (ECF 87) provides:

   a)  Each Class Member will be eligible to receive a cash payment from PFG of $120.00, in addition to reimbursement of any convenience pay-by phone fee

paid during the Class Period.  The combination of the reimbursement of all convenience pay-by-phone fees (Approx. $3,015) and cash payments (Approx. $18,000) to the Class Members will result in a total class benefit of Twenty Thousand Eight Hundred and Ninety Five US Dollars (US $21,015). The consideration received by the Class Members under this paragraph will be in full satisfaction of the class and individual claims of the Class Members (excluding Plaintiff Fischbach whose consideration is addressed in paragraph b) below);

b)   In addition, PFG will pay Plaintiff Fischbach an additional sum of $4,000.00. Any and all asserted or unasserted individual claims of Plaintiff Fischbach will be released and dismissed as part of the settlement, and the consideration received by Plaintiff Fischbach under the settlement will be in full satisfaction of her claims and as an award for her role as class representative;

c)   All settlement checks will expire and be of no value upon the expiration of sixty (60) days from issuance.  Class Members shall have no right to or interest to any check or settlement payment from PFG under the terms of the Settlement Agreement, and no debt exists between PFG and any Class Member unless he, she, or it negotiates the settlement check within sixty (60) days of its issuance.  The parties agree to a *cy pres* distribution of the checks or monies owed to Class Members who cannot be located or who fail to

negotiate the settlement check within sixty (60) days of its issuance.  Such *cy pres* distribution shall be made to the Minnesota Federal Bar Association Pro Se Project, a non-profit, charitable organization operating in Minnesota.  The amount of the cy pres distribution will be the sum of the undeliverable, unclaimed, unnegotiated and/or returned checks sent to the Class Members; and

d)   PFG agrees to compensate Plaintiff's counsel for its reasonable attorneys' fees and costs, subject to court approval following application by Plaintiff in the amount of $50,000.00.  By making this agreement PFG waived any and all objection to any component of Plaintiff's counsels' request for fees and costs, and will not be free to make any argument in opposition.

## IV.   THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

Courts strongly favor settlement as a method for resolving disputes.  *See Justine Realty Co. v. American Nat. Can Co.,* 976 F.2d 385, 391 (8th Cir.1992); *Holden v. Burlington Northern Inc.,* 665 F. Supp. 1398, 1405 (D. Minn.1987).  This is especially true in complex class actions.  *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn.1993); *In re Charter Communications, Inc. Sec. Litig.,* No. MDL 1506, 4:02-CV-1186 CAS, 2005 WL 4045741 *4 (E.D. Mo., June 30, 2005) (holding that, in "the class action context in particular, there is an overriding public interest in favor of

settlement since [s]ettlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.") (internal quotations and citations omitted).

Courts exercise "sound discretion" in approving a proposed settlement of a class action under Rule 23(e) and must find that the proposed settlement is "fair, reasonable, and adequate." *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir.1988) (citation omitted); *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123 (8th Cir.1997); *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1176 (8th Cir.1995). However, in exercising its discretion, the court's role is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1148 (8th Cir. 1999); (judges should not substitute their judgment for that of the litigants); *Grunin*, 513 F.2d at 123 ("neither the trial court in approving the settlement nor this Court in reviewing the approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute") (quoting *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir.1974)). As explained below, applying these criteria demonstrates that the settlement warrants this Court's approval.

The Court "is entitled to rely on the judgment of experienced counsel when evaluating the merits of a proposed class action settlement." *Holden v. Burlington N.,*

*Inc.*, 665 F. Supp. 1398, 1420 (D.Minn.1987); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn.1974) (finding the recommendation of experienced counsel is entitled to great weight).  Further, a presumption of reasonableness is warranted when the settlement is the product of arm's-length negotiations conducted by capable and experienced counsel.  *See M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Minn.1987).  Here, it is the considered judgment of experienced counsel – after completion of an extensive investigation and formal discovery – that this settlement constitutes a fair, reasonable and adequate resolution of the case.

In light of the complex and contested factual and legal issues giving rise to questions as to whether a more favorable economic result could or would be accomplished through costly and prolonged litigation, including a trial, the settlement warrants this Court's approval.

## V.   THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

To determine whether the proposed settlement is fair, reasonable and adequate, this Court must balance the strength of Plaintiff's case against the continuing risks of litigation, the benefits afforded to members of the class, and the immediacy and certainty of a recovery.  *See Petrovic*, 200 F.3d at 1150; *Grunin*, 513 F.2d at 124; *Welsch v. Gardebring*, 667 F. Supp. 1284, 1290 (D.Minn.1987); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975).

As described above, the settlement provides that Settlement Class Members will be entitled to receive cash payments from PFG under the Settlement.  The combination of the reimbursement of all convenience pay-by-phone fees (Approx. $3,015) and cash payments (Approx. $17,880.00) to the Class Members will result in a total class benefit of Twenty Thousand Eight Hundred and Ninety Five US Dollars (US $20,895).

This is a valuable opportunity for all class members, most of which had no idea that their rights had been allegedly violated, to receive financial benefits.

To the extent that the class members suffered actual damages, or believe that the proposed recovery is not enough, they had the opportunity to exercise their right under Rule 23 to opt-out from the class action and settlement, and/or object to the settlement. Of the approximately 150 class members, **none** chose to exclude themselves from the class action and settlement, and none objected to the settlement. *See Lyons Decl. ¶¶ 3 and 4.*

### A. The Notice to the Class Members was Reasonable.

In a settlement class maintained under Rule 23(b)(3), the class notice must meet the requirements of both Federal Rule of Civil Procedure 23(c)(2) and 23(e).  Rule 23(e) specifies that "[n]o class action may be dismissed or compromised without [court] approval, preceded by notice to class members."  Rule 23(c)(2) requires that notice to the class must be "the best practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort,"  Fed. R.Civ.P. 23(c).  The Rule also requires that the notice inform potential class members that (1) they have an

opportunity to opt out; (2) the judgment will bind all class members who do not opt out; (3) and any member who does not opt out may appear through counsel. *Id.*

In compliance with the Preliminary Approval Order, PFG sent the appropriate written notice of the proposed class settlement to the class members on November 26, 2012. *See Lyons Decl. ¶ 4, Ex. 1 - Affidavit of Jennifer Brott.* The addresses of the Class Members were obtained based upon PFG's account records and the last known address for each Class Member. The written notice explained the case, the proposed settlement and the Class Member's options. To the extent PFG received returned mail, it updated its records and re-sent each letter to the new forwarding address of the Class Member. *Id.*

In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-77, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), the Supreme Court specifically held that individualized notice by mail to the last known address was the "best notice practicable" in a class action contest. As direct notice was provided here, it is clear that the notice provided was the best available notice.

**B. The Settlement is the Product of Lengthy Arm's-Length Negotiations.**

The Settlement is the product of extensive, arm's length negotiations between well-informed and experienced lawyers. *See, e.g., In re Employee Benefit Plans Sec. Litig.* 1993 WL 330595 *5 (D.Minn.) (stating that "intensive and contentious negotiations likely result in meritorious settlements, rather than collusive ones").

The Parties agreed to settle only after conducting sufficient merits-related discovery, formally and informally. Settlement discussions lasted several months. During these discussions, the parties gave aggressive, detailed and thoughtful

presentations on the perceived strengths and weaknesses of their respective cases. Moreover, Counsel was able to further evaluate the strengths and weaknesses of the claims and allegations in the Complaint.

The Consumer Justice Center, P.A. ("CJC") and Lyons Law Firm P.A. ("LLF") has actively participated in all aspects of this litigation prior to filing the Complaint through today. During the past 18 years the CJC has been involved in over 1500 consumer cases in various United States District Courts and, have been certified as a class counsel in numerous cases. The CJC and LLF have been certified as class counsel in the following cases: *Jade Johnson and Claude MaGee v. Universal Car Credit Co., Inc. and Jim Lupient Oldsmobile Company*, USDC, Court File No. 3-94-1174; *Davies v. West Publishing Company*, Dakota County District Court, Court File No. 19-C6-99-8478; *Byrd v. Metropolitan Corporation*, Hennepin County District Court, Court File No.: CT 00-016055; *Reinke v. Harold Chevrolet*, Hennepin County District Court, CT 01-001519; *Avent and Clay v. Alandale Corporation,* Hennepin County District Court, Court File No.: CT00-7438; *Baier, et al. v. FleetBoston Financial Corporation*, USDC Eastern District of Pennsylvania, Court File No.: CV 04-507; *Nienaber v. Citibank*, USDC Southern District of South Dakota, Court File No.: Civ. 04-4054; *Keener v. Sears*, USDC CD Cal., EDCV-03-01265 RT (SGLx); *Drinkman v. Encore*, 07-363-S, USDC WD WI; *Sutton v. Martini Blu*, 08-5122(ADM/JJK), USDC MN; *Reeves v. Tighorn, et al.*, 08-4866(PAM/FLN), USDC MN; *Wylde v. Pavlick Holding Company d/b/a Ol' Mexico Restaurante & Cantina*, 09-01935(DWF/FLN), USDC MN; *Brennan v. Green Mill*, 09-

02692(JNE/JJG), USDC MN; *Blodgett v. Regent, et al.,* 09-3210(JNE/JJG), USDC MN;

*Reich v. Unity One*, 10-606 (ADM/JJG), USDC MN; *Poechmann v. Alerus*, 10-

4186(SRN/FLN), USDC MN; *Weingarth v. Syndicated Office System,* 10-184(JRT/JSM),

USDC MN; *Zaun v. Tuttle,* 10-02191(DWF/JJK), USDC MN; *Moran v. Lurcat,* 10-3031

(JNE/FLN) USDC MN; *Anderson v. Burrito Union, et al.*, 10-1929(SRN/JJK) USDC

MN; *Zaun v. Monte Carlo Restaurant, Inc.*, 10-4693(JSM), USDC MN; *Zaun v. Al*

*Vento*, 11-2024 (PAM/FLN), USDC MN; *Ebert, et al. v. Warners' Stellian Co., Inc.*, 11-

2325 (JRT/SER) USDC MN; *Thompson v. NCA, et* al, 10-cv-2307 SRN/FLN, USDC

MN; and *Tandeski v. Coulter*, 3:12-cv-00069-KKK USDC ND.   *(See Lyons, Jr.*

*Decl.¶¶2-7 filed in support of the Unopposed Motion for Attorneys' Fees and Costs.)*

The CJC has represented Plaintiff since June 2010 in this action.  CJC has actively

participated in all aspects of this litigation beginning with the fact investigation and initial

legal research of case law, statutes, filing of the case in the District Court for Minnesota

and all litigation activities up through today. Experienced counsel negotiated the

Settlement, making the first priority in bringing the best benefit possible to the Class.

Where, as here, settlement is reached through arm's-length negotiations between

experienced counsel, and there is no evidence of collusion or bad faith, "the judgment of

the litigants and their counsel" concerning the adequacy of the settlement is entitled to

deference.  *See, e.g., Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1149 (8th Cir.1999);

*DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1178 (8th Cir.1995)(according

"considerable weight" to the views of experienced class counsel); *In re IBP,* 328

F.Supp.2d at 1064 (same).  For the reasons stated herein, counsel for all litigants firmly believe that this settlement is within the range of "fair, reasonable and adequate," and should therefore be approved.

### C. The Merits of the Plaintiff's Case Weighed Against the Benefits of Settlement Favor Final Approval.

As noted above, final approval should be granted if it is reasonably likely that the settlement will obtain final approval.  *See, e.g., Lucas*, 234 F.R.D. at 693.  When the instant settlement is analyzed under the factors used to determine final approval, it is clear that the settlement passes the "reasonable likelihood" test.

Final approval is contingent upon a finding that the settlement is "fair, reasonable, and adequate."  *In re Wireless Telephone Federal Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir.2005).  Determining whether a settlement is "fair, reasonable and adequate" involves an evaluation of four factors:  "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement."  *Id.*  The first factor carries the most weight.  *Id., quoting Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir.1999).

### 1.     *The merits of the Plaintiff's case support the settlement.*

The settlement is fair, reasonable and adequate in light of the hurdles that Plaintiff would have to overcome in order to prevail on the merits in this case.  The merits of Plaintiff's case, described above, must be weighed against the terms of the settlement.

In simplest terms, Plaintiff alleges that PFG violated the FDCPA by charging a convenience fee that was not authorized by contract or by law. While Plaintiff has at all times believed that this case was very strong in many regards, PFG has denied liability and relied upon 8th circuit case law that permits a debt collector to charge a convenience fee that is voluntarily chosen by the consumer as part of a payment without violating the FDCPA. *Dubois v. Ford Motor Credit Company*, 276 F.3d 1019 (8th Cir. 2002). PFG is prepared to argue that it never violated the FDCPA, and its agreement to this settlement shall not be construed as an admission of liability. Thus, although Plaintiff believes in her case, there are significant risks associated with this litigation.

The determination as to when the appropriate time to settle a case is one that is entrusted to experienced class counsel. Settlement is the only outcome that allows both sides to assure themselves of a certain ending to the litigation, alleviating both the risk and cost inherent in further litigation to both sides, as well as the additional burden on the court. This case was no exception, and in fair consideration of the strengths and weaknesses, Plaintiff's counsel felt that settlement was appropriate at this juncture.

By its terms, the settlement provides substantial monetary consideration to all class members. Plaintiff engaged in confirmatory discovery into PFG's net worth to satisfy that the benefit conferred on the Class was appropriate under the statutory framework authorized by the FDCPA. *See* 15 U.S.C. § 1692k.

Additionally – while it does not concede liability – the PFG has agreed to change its procedures and processes that were at the heart of the case. These benefits realized by

the class members immediately are significant, particularly given the time value of money.  A dollar realized today is worth considerably more than the same dollar finally collected years later, even assuming the success on the merits and on appeal, and the ability to collect any judgment that was rendered.  This factor weights in favor of the fairness and adequacy of the settlement.

### 2.     *The complexity and expense of further litigation in this case also supports settlement.*

Barring a settlement, there is no question that this case would be litigated for months, if not years. Resolution of the lawsuit would require a considerable investment of judicial resources.  Accordingly, this factor supports approval of the settlement.  *See, e.g., In re IBP, Inc.   Sec. Litig.,* 328 F.Supp.2d 1056, 1064 (D.S.D.2004) (settlement favored where parties otherwise would have engaged in "extensive discovery and additional motions, likely including class certification and summary judgment," followed, if Plaintiff's case survived that long, by a lengthy trial).  Although Plaintiff here has engaged in discovery, considerably more would be required before the case was trial-ready, including several witness depositions. Expert depositions would be necessary to litigate the controversial definition and calculation of PFG's net worth.  Trial would be lengthy and complicated, and might almost certainly be followed by appeals regardless of whether Plaintiff's claim was successful or defeated by Defendant.

In light of the difficulties that the parties would encounter attempting to litigate the case to trial, and in light of the time, expense, and risk inherent in litigating a case of this

magnitude, it is "reasonably likely" that the proposed settlement will obtain final approval.[1]  Thus, the Court should grant final approval to the settlement.

### 3.    There was no objection to the settlement.

In the wake of the form notice being sent by regular US Mail directly to each of the approximately 150 class members, not a single member of the Class provided the parties' counsel with a written objection to the settlement, and none excluded themselves from the class action and settlement.    *Lyons Decl. ¶¶ 3 and 4.*    The absence of any objections or exclusions by class members is an important factor in evaluating the fairness of a settlement and supports approval of this settlement.  *See Petrovic*, 200 F.3d at 1152 (approving settlement where "fewer than 4 percent of the class members objected to the settlement"); *Grinnell Corp.*, 495 F.2d at 463; *see also Stoner v. CBA Info. Servs.*, 352 F.Supp.2d 549, 552 (E.D.P.2002) (finding 18 opt-outs and five objectors in a class of 11,980 indicated "a more than favorable class reaction").

### 4.    The class representative award is fair and reasonable.

Payment awards to class representatives lie within the discretion of the trial court and may be provided as a reward for the benefit visited on the class.  *In re Plastic Tableware Antitrust Litig.*, Civ. A. No. 94-3564, 1995 WL 723175 at *2 (E.D.Pa.1995).

---

[1] The other two factors for final approval cited by the Eighth Circuit are the extent of opposition to the settlement – which cannot be assessed at the preliminary approval stage – and the defendant's financial condition.  *In re Wireless Telephone*, 396 F.3d at 932. Defendant's financial condition is not a factor in this case.  A defendant's ability to pay a larger judgment does not render an otherwise approvable settlement inadequate.  *See, e.g., Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir.1999).  As noted above, other factors strongly support this settlement.

Factors that courts consider when awarding incentive awards include: the risk to the plaintiff in commencing suit, both financially and otherwise; the notoriety and/or personal difficulties encountered by the representative plaintiff; the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; the duration of the litigation; and the plaintiff's personal benefit (or lack thereof) purely in his capacity as a member of the class. *Id.*, *citing In re U.S. Bioscience Secur. Litig.*, 155 F.R.D. 116, 121 (E.D. Pa.1994).

Plaintiff actively participated throughout the course of this litigation on behalf of the class for fifteen months. The $4,000 total award requested by Plaintiff is reasonable based upon her willingness to bring suit and represent a class of consumers by participating in this case and by enduring the lengthy litigation that has taken place. *See, for example, Thinesen v. JBC Group, et al.*, Civ. No. 05-518 (DWF/SRN) (D.Minn.2006) (approving class representative award in the amount of $5,000.00); *Reeves v. Tighorn, et al.*, Civ. No. 08-cv-4866 PAM/FLN (approving class representative award in the amount of $10,000.00); and *Thompson v. NCA et al*, Civ. No. 10-cv-2307 SRN (approving class representative award in the amount of $10,000.00). Plaintiff's participation resulted in a favorable settlement for the class, and PFG agreed not to oppose her request for the $4,000.00 Class Representative Fee.

## VI.   CONCLUSION

The proposed settlement is an appropriate result, given the factual and legal issues on liability and damages, the additional expense if this litigation were to continue, the

present benefit the settlement will provide to the Settlement Class, and the fact that the

proposed settlement was the product of arm's-length negotiations.  For these reasons, the

parties, Plaintiff and PFG and their respective counsel, respectfully request the Court to

approve the settlement of this litigation as fair, reasonable and adequate.

Dated this 19th day of March, 2013.

> By: s/Thomas J. Lyons Jr.
> CONSUMER JUSTICE CENTER, P.A.
> Thomas J. Lyons, Jr., Esq.
> Attorney I.D. #249646
> Thomas J. Lyons, Esq.
> Attorney I.D. #65699
> 367 Commerce Court
> Vadnais Heights, MN 55127
> Telephone:  (651) 770-9707
> Facsimile:(651) 704-0907
> tommycjc@aol.com
> tlyons@lyonlawfirm.com
>
> *ATTORNEYS FOR PLAINTIFF*

Dated this 19th day of March, 2013.

> By: s/Allison Cannizaro
> Allison L. Cannizaro, Esq.
> James K. Schultz, Esq.
> SESSIONS FISHMAN NATHAN & ISRAEL LLC
> 3850 N Causeway Blvd., Suite 200
> Metairie, Louisiana 70002
> Telephone:   (504) 828-3700
> Email: acannizaro@sessions-law.biz
> Email: jschultz@sessions-law.biz
>
> Thomas H. Schaefer, Esq.
> ERSTAD & RIEMER, P.A.
> 200 Riverview Office Tower
> 8009 34th Avenue South
> Minneapolis, MN  55425

Telephone: (952) 837-3250
Email: tschaefer@erstad.com

*ATTORNEYS FOR DEFENDANT*