**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Janet Fischbach, on behalf of herself and all others similarly situated, | Civ. No. 11-1925 (JJK) |
| Plaintiff, | |
| v. | **FINAL ORDER AND JUDGMENT** |
| Pinnacle Financial Group, | |
| Defendant. | |

---

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, and Thomas J. Lyons, Esq., Lyons Law Firm, P.A., counsel for Plaintiff.

James K. Schultz, Esq., and Allison L. Cannizaro, Esq., Sessions, Fishman, Nathan & Israel, LLC; James R. Bedell, Esq., and Michael S. Poncin, Esq., Moss & Barnett, PA; and Thomas H. Schaefer, Esq., Erstad & Riemer, counsel for Defendant.

---

On July 14, 2011, plaintiff, Janet Fischbach (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, Pinnacle Financial Group (hereinafter referred to as "PFG"). Plaintiff asserted class claims against PFG under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

PFG denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, Plaintiff and PFG (hereinafter jointly referred to as the "Parties") entered into a Stipulation of Settlement

(hereinafter referred to as the "Settlement Stipulation"), which is subject to review under Fed. R. Civ. P. 23.

On November 8, 2012, the Parties filed the Settlement Stipulation, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, PFG served written notice of the proposed class settlement on the United States Attorney General and Minnesota Attorney General via FedEx on November 14, 2012.

On November 15, 2012, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Janet Fischbach as the Class Representative; (iv) appointed Mr. Thomas J. Lyons, Jr. as Class Counsel; and, (v) set the date and time of the Settlement Approval Hearing.

On March 19, 2013, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On March 26, 2013, a Settlement Approval Hearing was held pursuant to

Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Stipulation, Final Approval Motion, and record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

All Minnesota consumers from whom PFG collected a convenience fee to pay their Park Dental accounts by phone since July 14, 2010 (hereinafter referred to as the "Class Members")

3. There are approximately 150 Class Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Janet Fischbach as

the Class Representative and Mr. Thomas J. Lyons, Jr., as Class Counsel.

5. **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient

adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Stipulation, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. **SETTLEMENT TERMS** – The Settlement Stipulation, filed as Doc. No. 21 shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions of the Settlement Stipulation, except as amended by any further order issued by this Court.  The material terms of the Settlement Stipulation include, but are not limited to, the following:

   A. PFG must pay each Class Member $120 and reimburse each Class Member for the pay-by-phone convenience fees paid since July 14, 2010;

   B. PFG must pay plaintiff, Janet Fischbach, $4,000 as acknowledgement of her role in prosecuting this case on behalf of the Class Members;

   C. PFG must contribute a minimum of $20,895 for the combined

cash settlement payments and the *cy pres.* Upon the expiration of 120 days after the entry of this order, if the amount of the disbursement has not reached $20,895, the remaining balance up to $20,895 will be paid to the *cy pres* recipient; and

D. PFG must pay Class Counsel a total of $50,000 in attorneys' fees, costs, and expenses.

E. Here, the award to the *cy pres* recipient has a sufficient nexus to the litigation because the *cy pres* recipient takes efforts to make the justice system generally more available to disenfranchised citizens, including victims of fraudulent debt collection practices.

9. **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement. No Class Members made valid and timely requests for exclusion.

10. This Order is binding on all Class Members.

11. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Stipulation. Pursuant to the release contained in the Settlement Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

12. The Lawsuit is hereby dismissed with prejudice in all respects.

13. This order is not, and shall not be construed as, an admission by PFG of any liability or wrongdoing in this or in any other proceeding.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Stipulation, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: March 26, 2013

                                          *s/ Jeffrey J. Keyes*
                                          JEFFREY J. KEYES
                                          United States Magistrate Judge